**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BIG BOX PROPERTY OWNER C, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-2151 |
| | ) | |
| TRANE U.S., INC. | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Trane U.S., Inc. ("Trane") timely files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

**Procedural Background**

1. On or about February 1, 2024, Plaintiff Big Box Property Owner C, LLC ("Plaintiff") filed a civil action in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, in Memphis, Tennessee, styled Big Box Property Owner C, LLC v. Trane U.S., Inc., Case No. CT-0382-24 (the "State Court Action"). A copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**.

2. Service of suit upon Trane occurred on February 9, 2024. A copy of the Return of Service is attached hereto as **Exhibit B**.

3. Trane now timely files this Notice of Removal within thirty (30) days of service of suit in the State Court Action.

## Nature of Suit

4. This lawsuit involves Plaintiff's claims for alleged damages arising out of a lease of real property located in Memphis, Tennessee. See Exhibit A, Compl. ¶ 3. Plaintiff asserts causes of action against Trane for breach of contract and breach of the duty of good faith and fair dealing. Id. ¶¶ 18–28. Among other claims, Plaintiff alleges that Trane rendered inoperable 21 commercial HVAC units and seeks payment for the replacement of these units. Id. ¶¶ 11–15. Plaintiff seeks actual damages, plus attorneys' fees, interest, and costs of suit. Id. ¶¶ 21–22. Upon information and belief, the total amount in controversy exceeds $300,000.00.

## Basis for Removal

5. Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the State Court Action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Plaintiff is an LLC. The citizenship of an LLC is the citizenship of each of its members. See Delay v. Rosenthal Collins Group, Inc., 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member.").

7. Trane is a corporation incorporated in the State of Delaware with a principal place of business in the State of North Carolina.

8. Trane was therefore a citizen of Delaware and North Carolina when the Complaint in the State Court Action was filed.

9. Based on information publicly available on the website maintained by the Secretary of State of the State of Tennessee, Plaintiff has a single member. Trane, as the removing Defendant, has consulted publicly available sources of information on the identities and citizenship of Plaintiff's members. Upon information and belief, the sole member of Plaintiff is a citizen of

the State of New York and maintains a principal place of business in New York. More particularly, Trane has found no evidence that Plaintiff's sole member is a citizen of Delaware or North Carolina.

10. Because no plaintiff is a citizen of the same state as any defendant, complete diversity exists in this action. Delay, 585 F.3d at 1005.

11. If any question arises regarding the propriety of the removal of this action, Trane respectfully requests that Plaintiff immediately submit its disclosure statement at the time of its first filing. See Fed. R. Civ. P. 7.1(b) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: . . . when the action is filed in or removed to federal court, and . . . when any later event occurs that could affect the court's jurisdiction under § 1332(a).")

12. Plaintiff's Complaint alleges damages including the repair or replacement of 21 commercial HVAC units. See Exhibit A, Compl. ¶¶ 11–15. Repair or replacement of 21 commercial HVAC units would present a significant expense. Upon information and belief, the total amount in controversy exceeds $300,000.00. Accordingly, this dispute exceeds the $75,000.00 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332.

**Removal Is Procedurally Correct**

13. Trane was first served with the Complaint in the State Court Action on February 9, 2024. This Notice of Removal is therefore filed within the 30-day time period required by 28 U.S.C. § 1446.

14. Venue is proper in this District under 28 U.S.C. § 1446(a) because the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, in Memphis, Tennessee is located

within the Western District of Tennessee. 28 U.S.C. § 89(b). Thus, this Court is the "district court of the United States for the district and division embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a).

15. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders in the State Court Action are attached.

16. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served have consented to the removal of this action, because Trane is the only defendant and has filed this Notice of Removal.

17. Pursuant to 28 U.S.C. § 1446(d), promptly after Trane files this Notice of Removal, Trane will give written notice thereof to all adverse parties and will file a true and correct copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis.

WHEREFORE, Defendant Trane U.S., Inc. respectfully removes this case, styled Big Box Property Owner C, LLC v. Trane U.S., Inc., Case No. Case No. CT-0382-24, from the Circuit Court of Tennessee for the Thirtieth Judicial District to the United States District Court for the Western District of Tennessee, for trial and determination of all issues.

Date: March 8, 2024

Respectfully submitted,

**LEWIS THOMASON, P.C.**

*s/ Isaac S. Lew*
Christopher L. Vescovo (TN Bar No. 14516)
cvescovo@lewisthomason.com
Isaac S. Lew (TN Bar No. 36702)
ilew@lewisthomason.com
40 S. Main St., Suite 2900
Memphis, Tennessee 38103
Telephone: (901) 525-8721

–and–

**ELLIS & WINTERS, LLP**

Chelsea Pieroni (TN Bar No. 038725;
W.D. Tenn. admission forthcoming)
chelsea.pieroni@elliswinters.com
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000

Andrew S. Chamberlin (pro hac vice forthcoming)
andrew.chamberlin@elliswinters.com
Jeremy Falcone (pro hac vice forthcoming)
jeremy.falcone@elliswinters.com
P.O. Box 2752
Greensboro, North Carolina 27402
Telephone: (336) 217-4193

*Attorneys for Defendant Trane U.S., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email through the CM/ECF system on March 8, 2024, on all counsel of record on the service list below.

**Bruce A. McMullen, Esq.**
bmcmullen@bakerdonelson.com
**Mary Wu Tullis, Esq.**
mtullis@bakerdonelson.com
**Pete A. Brunson, Esq.**
pbrunson@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

**J. Mark Deaton, Esq.**
mdeaton@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 2799
Houston, Texas 77002

*Attorneys for Plaintiff Big Box Property Owner C, LLC*

*s/ Isaac S. Lew*
Isaac S. Lew